19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David M. VALENTINE; Valvring Oil Corp., Plaintiffs-Appellees,
v.
ASHLAND OIL, INC., Defendant-Appellant.
 No. 92-56118.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1994.
Decided March 24, 1994.
 
 Appeal from the United States District Court, for the Central District of California, D.C. NO. CV-90-6094-WDK; William D. Keller, District Judge, Presiding.
 C.D.CAL.
 AFFIRMED.
 BEFORE: BROWNING, FERGUSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Ashland Oil, Inc. appeals the district court's judgment in favor of Plaintiff David M. Valentine on three grounds. First, Ashland Oil contends that plaintiff Valentine had no standing to sue in district court because he failed to overcome the Trademark Trial and Appeal Board's (TTAB) finding that he lacked title to the Valvring trademark registration. Second, Ashland Oil contends that the district court committed plain error because the district judge impermissibly acted as Valentine's advocate. Finally, Ashland Oil contends that the district court's finding that Valentine retained title to the trademark registration is clearly erroneous because Valentine failed to overcome with "thorough conviction" the TTAB's finding that he did not own the registration. We reject these contentions and affirm the district court's judgment.
 
 I. Standing
 
 3
 Valentine is a "party to a cancellation proceeding ... who is dissatisfied with the decision of the ... Trademark Trial and Appeal Board," 15 U.S.C. Sec. 1071(a)(1), and thus had standing under 15 U.S.C. Sec. 1071(b)(1) to bring the action against Ashland Oil.
 
 II. Judge as Advocate
 
 4
 Although the district judge played an active role in the trial proceedings, the trial transcript does not disclose actual bias or prejudgment on the part of the trial judge. The district judge's comments and questioning were for the purpose of determining the truth, rather than advancing the position of one party or the result of prejudgment. As such, these alleged errors do not rise to the level of "plain errors affecting substantial rights" sufficient to require reversal. See Fed.R.Evid. 103(d).
 
 III. Trademark Registration Ownership
 
 5
 We review for clear error the district court's finding that Valentine presented new evidence sufficient in character and amount to overcome the TTAB finding with thorough conviction. Wells Fargo & Co. v. Stagecoach Properties, Inc., 685 F.2d 302, 306 (9th Cir.1982).
 
 
 6
 Ashland contends that the district court incorrectly concluded that Valentine owned the Valvring trademark because it clearly erred in finding that (1) Weller owned the Valvring trademark at the time that she purported to sell it to Valentine; and (2) Valentine did not transfer the Valvring trademark to Valvring (Colorado). Valentine contends that because the TTAB did not reach the issue of ownership of the trademark, the district court's findings on this issue do not conflict with the TTAB.
 
 
 7
 Assuming ownership of the trademark was at issue at the TTAB hearings, we conclude that Valentine must still prevail.
 
 
 8
 A. Trademark Ownership at Time of Purported Sale by Weller
 
 
 9
 to Valentine
 
 
 10
 In determining that title to the trademark stayed with or reverted back to Weller, the district court was entitled to credit Weller's testimony regarding her intent to not relinquish title to the trademark, her continued use of the trademark, Ohlson's subsequent failure to claim ownership of the trademark, and her claim that she never delivered the registration to Ohlson.
 
 
 11
 Thus, the district court did not clearly err in finding that Weller's testimony supporting the conclusion that she owned the trademark registration at the time she sold it to Valentine was of sufficient character and amount to overcome with thorough conviction the TTAB finding.
 
 
 12
 B. Transfer of Trademark by Valentine to Valvring (Colorado)
 
 
 13
 We conclude that the district court's account of the evidence is plausible in light of the record viewed in its entirety. See Service Employees Int'l. Union v. Fair Political Practices Comm'n, 955 F.2d 1312, 1317 n. 7 (9th Cir.), cert. denied, 112 U.S. 3056 (1992). The district court was entitled to credit Valentine's testimony during trial although contrary to other testimony.
 
 
 14
 Thus, the district court did not clearly err in finding that the evidence established that Valentine never transferred his ownership of the trademark to Valvring (Colorado).
 
 IV. Conclusion
 
 15
 The judgment of the district court is AFFIRMED.
 
 KLEINFELD, Circuit Judge, dissenting:
 
 16
 I dissent.
 
 
 17
 In my opinion, the trial judge's finding that Valentine was the owner of the trademark was clearly erroneous. The evidence before him compelled the conclusion, in my view, that the trademark board's holding against Valentine was not overcome " 'by testimony which in character and amount carries thorough conviction.' " Wells Fargo & Co. v. Stagecoach Properties, Inc., 685 F.2d 302, 306 (9th Cir.1982) (quoting Morgan v. Daniels, 153 U.S. 120, 125 (1894)).
 
 
 18
 The problem is that when David Valentine obtained the assignment of the trademark from Betty Weller Sammis and Enrique Abeledo, they had already sold it to J.C. Ohlson. Valentine says he bought the trademark in March of 1986. He testified that Finley, Kumble, Betty Sammis's lawyers, said there was a problem with the trademark, but their representation ended before the problem was solved. ER 103.
 
 
 19
 In 1983, three years before selling the trademark to Valentine, Sammis and Abeledo had sold it to Ohlson. The contract was introduced as evidence, and it fully and finally accomplished the sale. It says that the seller "hereby sells and Buyer hereby purchases" the trademark. The word "hereby" means that the parties intended the sale to be accomplished by the contract they signed. Betty Weller Sammis testified that she did not get paid all the money she was entitled to under the contract. When she signed the contract, she acknowledged that she had already received $70,000. The parties agreed that Ohlson would give Sammis and Abeledo a promissory note for another $140,000, upon which Ohlson allegedly failed to make payments.
 
 
 20
 There was no evidence of any kind that Ohlson ever assigned the trademark back to Sammis and Abeledo. They did not testify that he did. The contract did not say that would happen automatically if he did not complete the payments. There was no testimony that they had sued him, obtained a judgment, and executed on it.
 
 
 21
 The district court found that "one of two things occurred." ER 47. It determined that Sammis "retained title, which is my perception of what legally occurred, since title would not transfer until the contract was fully performed...." That is a determination of law, not fact. Alternatively, "Ohlson possessed title and Sammis pursuant to the contract, sold Valvring products during this interim period as Ohlson's agent." Sammis sold the products during the period under the name "Valcor," in order to avoid using Valvring Oil Inc., which was burdened by debt. ER 47-48. Then in 1984, Valvring corporation was suspended for failure to pay state excise taxes, and Valentine filed "one of his multitudinous lawsuits against Sammis and Abeledo to recover his 50 percent interest in Valvring." ER 48. In 1984 the contract with Ohlson was "extinguished, title stays with or reverts to, depending on how you perceive it, Sammis." The basis for the district court's determination that Sammis may have retained the title all along was that "no physical transfer occurred." ER 47.
 
 
 22
 I am unable to see how Sammis and Abeledo retained title, in the face of a document which "hereby" sells it. A trademark may be assigned by a separate document. 15 U.S.C. Sec. 1060. It is intangible, so it cannot be the subject of physical delivery. The trademark is a right to use a particular name or designation for a product. It is no more subject to physical delivery than a dream. A contract which "hereby" sells something sells it, right then and there, unless other words or facts prevent that from taking place. The execution of the contract is itself the act which operates to transfer title. Tri-Ped, Inc. v. Mini-Doo, Inc, 180 U.S.P.Q. 478 (TTAB 1973). When something is sold for cash down and a promise of more, title does not automatically revert when the buyer defaults on the note. A large body of commercial law deals with the seller's and buyer's rights in these circumstances.
 
 
 23
 If, as the district court thought possible, Sammis was selling Valvring products as Ohlson's agent, then she must have assigned the trademark to Ohlson. If she had not assigned the trademark to Ohlson, she would be selling on her own behalf, not as his agent. The agency theory helps Valentine with the abandonment issue, but at the expense of his position on title to the trademark. Valentine made no attempt to prove that Ohlson had authorized her to sell his trademark to settle her personal indebtedness. If the district judge's agency theory is right, then Sammis attempted to sell what she did not own, having previously sold it to Ohlson. I do not see how title to the trademark passed from principal to agent.
 
 
 24
 I do not see the basis in the evidence for a finding that Sammis and Abeledo owned the trademark when they sold it to Valentine. Once the Ohlson contract was found to have been executed, that ended Sammis and Abeledo's interest in the mark. There was no evidence that they got it back. We cannot treat the sale to Valentine as evidence that Sammis and Abeledo got it back somehow from Ohlson. The sale is equally consistent with the inference that they sought personal financial benefit by selling the same thing twice to two different people.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3